UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARAH D. F. HANSEN,<br><br>          Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>          Defendant. | CASE NO. C14-1039 MJP<br><br>ORDER REVERSING COMMISSIONER AND REMANDING FOR AWARD OF BENEFITS |

      Plaintiff Sarah D. F. Hansen appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–83f, after a hearing before an administrative law judge ("ALJ"). Having reviewed the Parties' briefing and the administrative record, the Court REVERSES the Commissioner's decision and REMANDS the case for an immediate award of benefits.

## BASIC DATA

Type of benefits sought:

    ( X) Supplemental Security Income – Disability

    (   ) Disability Insurance

Plaintiff:

    Sex:  F

    Age: 27 at alleged onset date, 32 at hearing (AR at 127, 831)

Principal Disabilities Alleged by Plaintiff: chronic fatigue syndrome, fibromyalgia (AR 153, 875)

Disability Allegedly Began: October 1, 2007 (AR at 831)

Principal Previous Work Experience: None (AR at 840)

Education Level Achieved by Plaintiff: High school education or equivalent (AR at 840)

## PROCEDURAL HISTORY

Before ALJ:

    Date of Hearing: February 11, 2014

    Date of Decision: March 28, 2014

    Appears in Record at: Decision: (AR 828–41); Hearing Transcript: (AR 872–904)

    Summary of Decision:

    1. Claimant has not engaged in substantial gainful activity since July 30, 2009, the application date;

    2. Claimant has the following severe impairments: fibromyalgia, chronic fatigue syndrome ("CFS"), Lyme disease, obesity, attention deficit disorder ("ADD"), and depressive disorder;

    3. Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1;

    4. Claimant has the physical residual functional capacity to perform light work as defined in 20 CFR 416.967(b) and has the mental capability to adequately perform the mental activities generally required by competitive, remunerative work as follows: understand, remember, and carry out simple instructions required of jobs classified at a level of specific vocational preparation ("SVP") 1 and 2, or unskilled work; can make judgments on simple work-related decisions and can respond appropriately to supervision,

coworkers, and deal with occasional changes in the work environment that requires only occasional exposure to or interaction with the general public;

5. Claimant has no past relevant work;

6. Claimant was born in 1981 and was 27 years old, defined as a younger individual age 18–49, on the date the application was filed;

7. Claimant has at least a high school education and is able to communicate in English;

8. Transferability of job skills is not an issue because the claimant does not have past relevant work;

9. Considering claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that claimant can perform; and

10. Claimant has not been under a disability since July 30, 2009, the date the application was filed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court must set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

EVALUATING DISABILITY

The claimant bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); see also Tackett v. Apfel, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. See 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. See also Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009).

ISSUES ON APPEAL

1. Whether the ALJ's errors support remand for an immediate award of benefits.

DISCUSSION

I. Remand for an Award of Benefits

Defendant concedes that the ALJ erred in evaluating Plaintiff's credibility and the medical opinion evidence, and that the errors warrant reversal and remand. (Dkt. No. 31 at 5.)

1  The parties disagree, however, about whether the Court should remand for further proceedings or
2  for an immediate award of benefits. (Dkt. Nos. 31, 32.)
3         The Social Security Act provides that courts may affirm, modify, or reverse a decision by
4  the Commissioner with or without remanding the cause for a rehearing. 42 U.S.C. § 405(g);
5  Garrison v. Colvin, 759 F.3d 995, 1019 (9th Cir. 2014). When there are no outstanding issues to
6  resolve and remand for further proceedings would unnecessarily delay the receipt of benefits,
7  courts may remand for the immediate award of benefits. Garrison, 759 F.3d at 1019–20.
8         To determine if remand for immediate award of benefits is appropriate, courts apply the
9  credit-as-true test, crediting as true the medical opinions and claimant testimony that were
10 rejected by the ALJ for legally insufficient reasons. Id. The test sets out three conditions, and
11 each condition must be satisfied for a court to remand for immediate award of benefits: "(1) the
12 record has been fully developed and further administrative proceedings would serve no useful
13 purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence,
14 whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence
15 were credited as true, the ALJ would be required to find the claimant disabled on remand." Id. at
16 1020. It is an abuse of discretion to remand for further proceedings when all of these conditions
17 are met, unless "the record as a whole creates serious doubt that a claimant is, in fact, disabled
18 within the meaning of the Social Security Act." Id. at 1020–21.

19         A.      Record Development

20         The Court finds the record has been fully developed and further administrative
21 proceedings would serve no useful purpose. Two different ALJs have held hearings on the matter
22 and the record includes over five years of medical opinion evidence. (AR at 20–49, 828–47.) The
23 record contains opinions from more than eight treating and reviewing doctors, with consistent
24

findings of physical and mental limitations by the most recent treating doctors. (See, e.g., AR at 810–12, 1190–97.) Defendant's contention that further proceedings are needed because medical expert testimony may be necessary is unpersuasive. (See Dkt. No. 31 at 7.) Medical expert testimony is appropriate to clarify ambiguities or uncertainties in the record, but Defendant does not identify any ambiguities in the record that require clarification.

The Court also disagrees with Defendant's contention that further record development is required to determine "whether Plaintiff can perform other jobs in the national economy, despite her limitations." (See Dkt. No. 31 at 7–8.) The Commissioner has had two opportunities to assess Plaintiff's employment prospects based on the medical evidence, with one opportunity that included a Vocational Expert's ("VE") testimony, (see AR at 899–903), and Defendant fails to show how a third hearing would benefit the record rather than prolong this litigation. See Vertigan v. Halter, 260 F.3d 1044, 1053 (9th Cir. 2001) ("[R]emand for benefits is indicated particularly where a claimant has already experienced lengthy, burdensome litigation.").

B.   ALJ Error

Defendant concedes that the ALJ has failed to provide legally sufficient reasons for rejecting claimant testimony and medical opinion evidence. (Dkt. No. 31 at 2.)

C.   Required to Find Disabled on Remand

Finally, the Court finds that if the improperly rejected testimony and medical evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand in light of the VE's testimony. (See AR 902–03.) Medical opinion evidence from psychologist Dr. Colby and treating physicians Drs. Ross, Janel, and Knutson shows that Plaintiff is unable to work full time and would require frequent rest breaks. (AR at 403, 810–12, 1190–93, 1194–97.) The VE testified that frequent breaks would not be permitted at the unskilled level of work. (AR at 902.)

1  Drs. Ross, Janel, and Knutson also opined that Plaintiff would be off task approximately twenty
2  percent of the workday, and Drs. Janel and Knutson opined that Plaintiff will likely miss four or
3  more workdays per month because of her physical and mental impairments. (AR at 811, 1191,
4  1193, 1195, 1197.) The VE testified that both of these limitations would prevent Plaintiff from
5  maintaining competitive employment. (AR at 903.) Crediting this evidence as true, Plaintiff
6  could not maintain competitive employment and is disabled.

7          D.      Substantial Doubt of Disability

8          Where the three conditions of the credit-as-true test are satisfied, the Court may
9  nevertheless remand for further proceedings if "an evaluation of the record as a whole creates
10 serious doubt that a claimant is, in fact, disabled." Garrison, 759 F.3d at 1021. After reviewing
11 the evidence in the record, the Court does not seriously doubt that Plaintiff is disabled. Although
12 Defendant argues otherwise, (Dkt. No. 31 at 9), Defendant fails to identify evidence in the record
13 supporting this position, and fails to identify any specific inconsistencies or ambiguities that
14 justify further proceedings. The Court, therefore, must remand for an immediate award of
15 benefits.

16                              CONCLUSION

17         Because Defendant concedes that the ALJ erred by improperly rejecting Plaintiff's
18 testimony, the medical opinion evidence, and the limitations described, the Court REVERSES
19 the Commissioner's final decision. Finding that Plaintiff's case satisfies the credit-as-true test,
20 and finding nothing in the record that creates serious doubt that Plaintiff is disabled, the Court
21 REMANDS the case for the immediate award of benefits.
22     /
23     /
24

1  The clerk is ordered to provide copies of this order to all counsel.

2  Dated this 9th day of April, 2015.

Marsha J. Pechman
Chief United States District Judge

ORDER REVERSING COMMISSIONER AND
REMANDING FOR AWARD OF BENEFITS- 8